IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Portia Young,                                    :
                        Appellant                :
                                                 :
            v.                                   :
                                                 :  No. 1082 C.D. 2021
Commonwealth of Pennsylvania                     :  Submitted: October 28, 2022


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: April 4, 2023


            Portia Young (Appellant) appeals the June 11, 2021 order (Trial Court
Order) of the Court of Common Pleas of Philadelphia County (trial court) granting
summary judgment in favor of the Commonwealth of Pennsylvania
(Commonwealth) and dismissing Appellant's Complaint with prejudice. Upon
review, we affirm.

            On December 3, 2019, Appellant filed a Complaint in which she
sparsely alleged that, on December 6, 2017, she was injured as a result of a defective
chair on premises owned/controlled by the Commonwealth. *See* Complaint ¶¶ 3-5.[1]

---

[1] In its entirety, the Complaint alleges as follows:

**COMPLAINT**
**PREMISES LIABILITY**

1. Plaintiff, Portia Young, is an individual, residing at the above-captioned address.

2. Defendant, Commonwealth of Pennsylvania, is a political subdivision conducting business at the above-captioned address.

3. On or about December 6, 2017, [sic] owned, possessed, inspected, maintained, repaired, and/or controlled and/or had the right to control the defective, hazardous condition.

4. At that place, Plaintiff, Portia Young, sat in a chair, provided by [Appellee] and exclusively in Defendant Pennsylvania Department of Public Welfare['s], control, custody and care.

5. At all times relevant hereto, Defendant[] knew or should have known that the dangerous defective condition of the premises and that poses a serious risk of harm.

## COUNT I – NEGLIGENCE

### Portia Young v. Commonwealth of Pennsylvania

6. Plaintiff, Portia Young, hereby incorporates by reference all preceding paragraphs as though fully set forth at length.

   a) Failing to warn Plaintiff of a dangerous condition;

   b) Placing a defective chair in a public place;

   c) Failure to inspect, maintain, repair, refurbish or stabilize the chair that injured Plaintiff;

   d) Failure to remove the chair once it became apparent that it was dangerous;

   e) Causing a dangerous condition as a direct result of Defendant[']s negligence.

7. As a result of the aforesaid negligence, Plaintiff, Portia Young, sustained serious, severe, and debilitating injuries including but not limited to: trauma and other injuries which may be unknown and others which may develop, some or all of which may be permanent in nature.

2

The Complaint makes a reference to "Defendant Pennsylvania Department of Public Welfare" (Department of Public Welfare)[2] but does not formally name the Department of Public Welfare as a defendant. *See* Complaint ¶ 4. Additionally, the caption lists only the Commonwealth as a defendant. *See* Complaint at Caption and ¶ 2. Further, the Return of Service filed by the sheriff indicates that the Commonwealth was the only defendant served with process in this matter. *See* Return of Service dated December 18, 2019.

On January 22, 2020, the Commonwealth filed an answer and new matter that denied the allegations of the Complaint and raised the defense of sovereign immunity. *See* Defendant Commonwealth of Pennsylvania's Answer and New Matter to Plaintiff's Complaint (Answer and New Matter). Appellant did not file a reply to the New Matter.

On February 27, 2020, the Commonwealth filed a motion for judgment on the pleadings arguing that the Commonwealth – the sole named defendant in the Complaint – enjoyed sovereign immunity. *See* Defendant Commonwealth of Pennsylvania's Motion for Judgment on the Pleadings (Motion for Judgment on the Pleadings) at 3-4 (pagination supplied). Appellant filed no response to the Motion for Judgment on the Pleadings. Nonetheless, the trial court, through the Honorable Edward C. Wright, denied the Motion for Judgment on the Pleadings by order entered June 9, 2020. *See* Trial Court Order dated June 9, 2020. The

---

8. As a result of the said accident, Plaintiff, Portia Young, may have suffered a permanent disability and permanent impairment of her capacity an [sic] health.

Complaint.

[2] The Department of Public Health's name changed to the Department of Human Services in 2014.

Commonwealth filed a motion for reconsideration on July 2, 2020, which the trial court, again through Judge Wright, denied by order dated July 20, 2020. *See* Defendant Commonwealth of Pennsylvania's Motion for Reconsideration of the Court's June 9, 2020 Order (Motion for Reconsideration); *see also* Trial Court Order dated July 20, 2020.

On August 6, 2020, Appellant filed her reply to the New Matter that consisted of a simple blanket denial of all paragraphs contained in the New Matter. *See* Plaintiff Portia Young Reply to Defendant New Matter (Reply to New Matter).[3]

On April 20, 2021, the Commonwealth filed a motion for summary judgment that reiterated the argument from the Motion for Judgment on the Pleadings that the Complaint was barred by sovereign immunity. *See* Defendant Commonwealth of Pennsylvania's Motion for Summary Judgment (Summary Judgment Motion). Appellant filed a response to the Summary Judgment Motion that did not address the sovereign immunity issue, but instead argued that the coordinate jurisdiction rule prevented the trial court from overruling Judge Wright's previous orders denying the Motion for Judgment on the Pleadings and reconsideration thereof.[4] *See* Opposition to Defendant's Motion for Summary Judgment (Summary Judgment Opposition). On June 7, 2021, the Commonwealth filed a reply to the Summary Judgment Opposition in which it argued that the

---

[3] The Reply to New Matter states, in its entirety: "9-37. Denied. The averments in these paragraphs are denied as conclusions of law to which no response is necessary. To the extent of [sic] these averments are not conclusions of law, the [sic] are specifically denied." Reply to New Matter.

[4] The Summary Judgment Motion had been assigned to a different trial court judge for disposition.

4

coordinate jurisdiction rule was inapplicable to the instant matter. *See* Reply in Support of Commonwealth of Pennsylvania's Motion for Summary Judgment.

On June 11, 2021,[5] the trial court, through the Honorable D. Webster Keough, entered the Trial Court Order, which granted the Summary Judgment Motion and dismissed the Complaint with prejudice. Appellant timely appealed the matter on July 7, 2021.[6]

On appeal,[7] Appellant raises a single claim: that the trial court erred in granting summary judgment in this matter because the trial court judge assigned to determine the Summary Judgment Motion violated the coordinate jurisdiction rule by granting summary judgment where a different trial court judge had previously denied the Commonwealth's Motion for Judgment on the Pleadings and Motion for Reconsideration. *See* Appellant's Br. at 7. This claim lacks merit.

As this Court has explained, "[u]nder the coordinate jurisdiction rule, judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions." *City of Philadelphia v. Galdo*, 181 A.3d 1289, 1291 (Pa. Cmwlth. 2018), *aff'd*, 217 A.3d 811 (Pa. 2019). However, the Court has expressly noted that "[t]he coordinate jurisdiction rule does not apply where the motions are of a different type and does not bar a judge on summary judgment from overruling

---

[5] The trial court dated and signed the Trial Court Order on June 10, 2021, but the same was not docketed until the following day, June 11, 2021. *See* Trial Court Order.

[6] Appellant originally filed the appeal of this matter in the Superior Court of Pennsylvania, which transferred the matter to this Court by order filed August 17, 2021. *See* Superior Court Order, Docket No. 1414 EDA 2021, filed August 17, 2021.

[7] "An order of a trial court granting summary judgment may be disturbed by an appellate court only if the court committed an error of law []; thus, [a reviewing court's] standard of review is *de novo*, and [the] scope of review is plenary." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009) (internal citations omitted).

another judge's decision on preliminary objections or judgment on the pleadings, even on an identical legal issue." *Id.*

In the instant matter, a trial court judge granted a summary judgment motion where a different trial court judge had previously denied a motion for judgment on the pleadings in the same case, despite each motion being based on the identical claim of sovereign immunity. Very simply, the coordinate jurisdiction rules does not apply to these motions, which are of different types, even though the motions concern the identical legal issue. *See Galdo*. Therefore, the trial court did not violate the coordinate jurisdiction rule by granting the Summary Judgment Motion.

Accordingly, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Portia Young,                        :
               Appellant        :
                          :
         v.                        :
                          :   No. 1082 C.D. 2021
Commonwealth of Pennsylvania         :

### O R D E R

AND NOW, this 4th day of April, 2023, the June 11, 2021 order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge